**Besnik STAFA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–4456.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2004.

---

Carl M. Weideman, Jr., Weideman & Weideman, Grosse Pointe Woods, MI, for Petitioner.

Allen W. Hausman, Michele Y.F. Sarko, Washington, DC, for Respondent.

Before KENNEDY, SUTTON, and COOK, Circuit Judges.

### ORDER

Besnik Stafa, a citizen of Albania, petitions through counsel for review of an order of the Board of Immigration Appeals that affirmed without opinion an immigration judge's decision denying his requests for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Counsel for Stafa did not respond to a request to show cause why oral argument would be necessary, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Stafa entered this country in 2000 with a fraudulent passport. He applied for the above relief, and a hearing was held before an immigration judge (IJ) at which Stafa testified that he had been subjected to persecution and feared persecution if he returned to Albania based on his membership in the Democratic party and in retribution for the actions of his brother, who, while a police officer, had arrested several prominent Communists. Stafa alleged that he had been beaten by the police on four occasions between 1997 and 2000. His brother and a friend also testified. The IJ found that Stafa's claims were not credible, and denied all the relief requested. Stafa appealed to the Board of Immigration Appeals (BIA), and one member of the BIA affirmed the IJ's decision without opinion in a new "streamlined" procedure.

In his brief, Stafa argues that the streamlining procedure under which his appeal was decided denied him due process. He also states that the IJ's decision is not supported by substantial evidence for the reasons set forth in his brief before the BIA.

Stafa's argument that the streamlining procedure recently adopted by the BIA violates his due process rights has been rejected by this court in *Denko v. INS*, 351 F.3d 717, 731–32 (6th Cir.2003). Therefore, his main argument is without merit.

Stafa also mentions in a cursory fashion that the IJ's decision is not supported by substantial evidence, referring the court to his brief filed before the BIA. Incorporation by reference of pleadings filed before a lower court or agency is not permitted. *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452–53 (6th Cir. 2003). Moreover, even if Stafa had not waived his objections to the IJ's decision by failing to brief this issue, we must uphold the decision below unless the evidence would compel a reasonable finder of fact to reach a contrary result. *Koliada v. INS.* 259 F.3d 482, 486 (6th Cir.2001). Credibility findings in particular are subjected to highly deferential review, where the IJ gives specific reasons for the finding. *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir.1998). In this case, the IJ noted that Stafa had no documentary evidence in support of his claims, his testimony was inconsistent in many respects with his written application, his witnesses' testimony was inconsistent with his own, and his mother and three other siblings continue to reside unharmed in Albania. The conclusion that Stafa had no credible fear of persecution based on retribution for his

brother's past actions is therefore supported by substantial evidence.

For all of the above reasons, the petition for review is denied.